

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| TIMOTHY EARL GREEN,<br>Institutional ID No. 02724870<br><br>Plaintiff,<br><br>v.<br><br>TEXAS CIVIL COMMITMENT CENTER,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:19-CV-215-H-BQ<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

### I.   Background

Proceeding pro se, Plaintiff Timothy Earl Green filed this § 1983 action on October 8, 2019, alleging Defendant violated his constitutional rights by, among numerous other claims, confining him in a prison-like setting. *See* ECF No. 1.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. Upon determining that Green had not paid the $400 filing fee, the Court ordered him to either pay the fee or file an application to proceed *in forma pauperis* (IFP) within fourteen days of the order, i.e., by October 23, 2019. ECF No. 4. In doing so, the Court warned Green that "[f]ailure to comply with this order may result in dismissal of this action." *Id.* at 2.

Green failed to pay the fee or submit an application to proceed IFP within the designated timeframe. As a result, on October 24, 2019, the Court granted him an extension to October 31, 2019, admonishing him that "[f]ailure to comply with this Order will result in a denial of the IFP request and/or dismissal of this action without further notice." ECF No. 5, at 2 (emphasis in original).

1

As of the date of this recommendation, Green has neither paid the $400 filing fee nor filed an application to proceed IFP with the necessary supporting documentation. Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends the action be dismissed for failure to prosecute and follow court orders.

## II. <u>Discussion</u>

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte*, including a civil rights claim filed under 42 U.S.C. § 1983, for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A plaintiff's failure to follow a court's orders concerning payment of the filing fee or an application for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of prisoner's complaint after he refused to follow district court's orders requiring the submission of documents allowing the court to determine whether his IFP application had been filed in good faith).

The Court has provided Green ample opportunity to pay the filing fee or submit his IFP application, and he has done neither. *See* ECF Nos. 4 (giving Green fourteen days to comply), 5 (allowing Green an additional seven days to pay the filing fee or file an application for IFP after failing to comply with the Court's October 9 order). On October 24, 2019, the Court admonished Green that this action would be dismissed if he did not file the IFP application or pay the filing fee. *See* ECF No. 5. In this posture, the Court cannot allow Green's claims to proceed without either payment of the filing fee or an application to proceed IFP. Accordingly, the Court should

dismiss Green's Complaint (ECF No. 1) without prejudice for want of prosecution under Rule 41(b).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Green's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: November 12, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE